# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                           CRIMINAL NO: 5:03-cr-6

QUITMAN BEACH                                              PETITIONER

## ORDER

This matter comes before the Court on Petitioner Quitman Beach's Motion to Stay at Grenada County Jail [docket entry no. 42]. Having carefully considered the Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On January 8, 2003, Quitman Beach was indicted for a violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon). At the time of his indictment, Beach was serving a five (5) year sentence with the Mississippi Department of Corrections ("MDOC") following revocation of his supervised release in the state system. In order to allow him to appear before this Court, a Writ of Habeas Corpus ad Prosequendum was issued on April 7, 2003.

On June 2, 2003, Beach entered a plea of guilt to the federal indictment. On October 6, 2003, Beach was sentenced to a 51-month term of imprisonment. The Court ordered that 26 months of the sentence run consecutively to the state court sentence which he was then serving. The remaining 25 months were ordered to run concurrent with Beach's state sentence. Additionally, Beach was

sentenced to a three-year term of supervised release, a $1,500.00 fine and a $100.00 special assessment.

On May 13, 2004, the United States Marshals Service ("U.S. Marshals) sent a "Detainer" to MDOC requesting that the U.S. Marshal be contacted by MDOC prior to Beach's release from state custody so that the U.S. Marshal could obtain the defendant for service of his federal sentence with the BOP. MDOC responded to the U.S. Marshal by letter on May 21, 2004, confirming that it had placed a detainer on Beach, indicating that his tentative release date was set for December 17, 2006, and agreeing to notify the U.S. Marshal approximately sixty (60) days prior to Beach's release from state custody. The defendant was released from custody sometime in November 2005.[1]

According to the defendant, after his release he moved to Indiana to begin work there. In April 2009, Beach was stopped for a traffic violation in Indiana. When it was discovered that he had an outstanding warrant in Mississippi, Beach was arrested and ordered back to Mississippi.

On July 2, 2009, this Court held a hearing to address the unserved portion of the defendant's federal sentence. At that

---

[1] The parties have provided differing information as to the precise date of Beach's release from state custody. According to the government, Beach was released from state custody on November 19, 2005. The defendant reports his release date as on or about November 28, 2005. Either way, the defendant was released from state custody approximately one year prior to the tentative release date provided to the U.S. Marshal.

2

hearing, the Court ordered the parties to brief the issue of whether Beach lawfully can be required to serve the remaining 25 months of his federal sentence when he has been erroneously at liberty for more than three years. Following this Order, Beach filed a Motion to Withdraw His Previous Motion for Discharge of His Remaining Unserved Sentence [docket entry no.40]. That motion was granted on August 7, 2009, and this Court committed the petitioner to the custody of the Bureau of Prisons to serve the remainder of his sentence imposed by this Court on October 14, 2003.

Now, Beach asks this Court to issue an order requiring the Bureau of Prisons to keep him at Grenada County Jail in order for Beach to file a Title 22 U.S.C. § 2241 petition.

Title 18 U.S.C. § 3621(b) provides that

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility *shall have no binding effect* on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

(emphasis added). For this reason, the petitioner's motion is denied. If the petitioner wishes to file a 22 U.S.C. § 2241 petition, he may do so pursuant to that statute and also pursuant to 22 U.S.C. § 2242.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Quitman Beach's Motion to

Stay at Grenada County Jail [docket entry no. 42] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 22nd day of February 2010.

<u>s/ David Bramlette</u>

**UNITED STATES DISTRICT JUDGE**