**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO: 5:03-cr-6

QUITMAN BEACH                                              PETITIONER

### OPINION AND ORDER

The cause is before the Court on Petitioner's Motion for Relief from Judgment pursuant to 28 U.S.C. § 2255 [docket entry no. 47]. Therein, Petitioner, who is proceeding pro se, requests the Court credit him for the time he spent at liberty following his release from the state prison system. As an initial matter, the Petitioner's request is proper under 28 U.S.C. § 2241 because it pertains to the execution of his sentence, and the Court will convert the Motion accordingly. United States v. McPhearson, 2011 WL 5299658, at *2 (5th Cir. Nov. 4, 2011)("Section 2241 is the proper procedural vehicle if a prisoner is challenging the execution of his sentence rather than the validity of his conviction and sentence."); see also, Leggett v. Fleming, 380 F.3d 232 (5th Cir. 2004). Further, having carefully considered the merits of the Petitioner's request, the Court denies the Petitioner's Motion for the reasons set out below:

### Facts

On January 8, 2003, Quitman Beach was indicted for a violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted

felon).[1] At the time of his indictment, Beach was serving a five (5) year sentence with the Mississippi Department of Corrections ("MDOC") following revocation of his supervised release in the state system. In order to allow him to appear before this Court, a Writ of Habeas Corpus ad Prosequendum was issued on April 7, 2003.

On June 2, 2003, Beach entered a plea of guilt to the federal indictment. On October 6, 2003, Beach was sentenced to a fifty-one-month (51-month) term of imprisonment. The Court ordered that twenty-six (26) months of the sentence run consecutively to the state court sentence which he was then serving. The remaining twenty-five (25) months were ordered to run concurrent with Beach's state sentence. Additionally, Beach was sentenced to a three-year (3-year) term of supervised release, a $1,500.00 fine and a $100.00 special assessment.

On May 13, 2004, the United States Marshals Service sent a detainer to MDOC requesting that the U.S. Marshal be contacted by MDOC prior to Beach's release from state custody so that the Marshals Service could obtain the defendant for service of his federal sentence with the BOP. MDOC responded to the U.S. Marshal by letter on May 21, 2004, confirming that it had placed a detainer on Beach, indicating that his tentative release date was set for

---

[1] In the instant motion, the Petitioner provided no facts to support his claim, nor did the Government respond. Accordingly, the Court uses the facts almost verbatim from its earlier Order. See Feb. 2, 2010, Order.

December 17, 2006, and agreeing to notify the Marshals Service approximately sixty (60) days prior to Beach's release from state custody. Nevertheless, the Petitioner was released from custody sometime in November 2005.[2]

According to the Petitioner, after his release he moved to Indiana to begin work there. In April 2009, Beach was stopped for a traffic violation in Indiana. When it was discovered that he had an outstanding warrant in Mississippi, Beach was arrested and ordered back to Mississippi.

On July 2, 2009, this Court held a hearing to address the unserved portion of the defendant's federal sentence. At that hearing, the Court ordered the parties to brief the issue of whether Beach lawfully could be required to serve the remaining twenty-five (25) months of his federal sentence when he has been erroneously at liberty for more than three years. Following this Order, Beach filed a Motion to Withdraw His Previous Motion for Discharge of His Remaining Unserved Sentence [docket entry no. 40]. That motion was granted on August 7, 2009, and this Court committed the Petitioner to the custody of the Bureau of Prisons to serve the remainder of this Court's October 14, 2003, sentence.

---

[2] The parties have provided differing information as to the precise date of Beach's release from state custody. According to the government, Beach was released from state custody on November 19, 2005. The defendant reports his release date as on or about November 28, 2005. Either way, the defendant was released from state custody approximately one year prior to the tentative release date provided to the Marshals Service.

**Analysis**

The Court's analysis of the Petitioner's request is guided by the Fifth Circuit Court of Appeal's decision in Leggett v. Fleming, 380 F.3d 232 (5th Cir. 2004). In Leggett, the defendant was erroneously freed from state prison despite a pending federal sentence. Id. at 233-34. Leggett did not contact the Marshals Service upon his release and remained free for over a year and a half before he was eventually arrested by the Marshals Service.[3] Id. at 233. After his arrest, he filed a § 2241 motion, similar to the one at bar, with the district court that imposed his federal sentence, asking the court to credit the time spent at liberty to his sentence. Id. at 234. The district court denied the motion, and the Fifth Circuit Court of Appeals affirmed, stating, "Where there is no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred, a prisoner should not be allowed to avoid service of that sentence." Id. at 235-26. The court found that the error in Leggett's release could not be attributed to the federal government because the Marshals Service placed a detainer on Leggett and was awaiting notification of his release, but never received such notification. Id.

Similarly, in the case at bar, the Marshals Service placed a

---

[3] Leggett was freed twice from the state prison system between the years of 1998 and 2001, once for completing his prison sentence and once after he served additional time for violating the terms of his parole. Id.

detainer with MDOC before the Petitioner was released, and the MDOC confirmed receipt of the detainer. Further, the MDOC informed the Marshals Service that the Petitioner's release was scheduled for December 17, 2006. However, MDOC failed to notify the Marshals Service when the Petitioner was released sometime in November 2005, which was over a year before his scheduled release date. The Marshals Service had no way of knowing that the Petitioner was free and therefore committed no error. Accordingly, the Court finds "no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred" and therefore denies the Petitioner's request. Id.; see also, Williams v. Young, 2009 WL 1011068, at *4 (W.D. La. April 4, 2009)("[T]he major consideration is who made the error.").

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petitioner's pending Motion [docket entry no. 47], styled a motion to vacate under 28 U.S.C. § 2255 Motion, is hereby **CONVERTED** to a motion for relief pursuant to 28 U.S.C. § 2241 and **DENIED.**

So **ORDERED**, this the 13th day of March, 2012.

                                             /s/ David Bramlette

                                       **UNITED STATES DISTRICT JUDGE**